IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MIKE L. TAYLOR                                                                                        PLAINTIFF

v.                                              NO. 4:07CV00501 JLH

UNION PACIFIC RAILROAD                                                                    DEFENDANT

## OPINION AND ORDER

Mike L. Taylor commenced this action against Union Pacific Railroad under Title VII of the Civil Rights Act of 1964. Taylor alleges that he has a disability, alcoholism, and that Union Pacific violated the Americans with Disabilities Act when it rejected his request for a transfer from Colorado to Arkansas, where his family and Alcoholics Anonymous sponsor are located. Union Pacific has moved for summary judgment. For the following reasons, that motion is granted.

### I.

A court should enter summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When a nonmoving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. If the moving party meets this burden, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue*

*for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting FED. R. CIV. P. 56(e)).  A genuine issue for trial exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.  In deciding a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party and draws all inferences in his favor, mindful that summary judgment seldom should be granted in employment discrimination cases where claims are often based on inferences and intent is often the central issue.  *Peterson v. Scott County*, 406 F.3d 515, 520 (8th Cir. 2005); *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1099 (8th Cir. 2000) (collecting cases).  *But see Bainbridge v. Loffredo Gardens, Inc.*, 378 F.3d 756, 762 (8th Cir. 2004) (Arnold, J., dissenting).

**II.**

In 1996, Union Pacific hired Taylor to work in its Jenks Shop in North Little Rock, Arkansas. Six years later, Taylor chose to transfer to a new position with Union Pacific in Denver, Colorado. Taylor's wife and immediate family did not move with him to Denver.  After two years in Denver, Taylor began making transfer requests to return to the Jenks Shop in North Little Rock.  He wrote two letters of request, neither of which mentioned his alcoholism.  Taylor's stated reason for seeking transfer was that members of his family other than himself were in poor health and he needed to be in Arkansas to help them.  His requests were denied.

Taylor has a history of treatment for alcoholism.  He attended meetings of Alcoholics Anonymous while in Denver, although he ceased going to his meetings after about one month. During the latter part of 2004, Taylor took an extended leave of absence to undergo inpatient treatment in Little Rock for alcoholism and depression.  Taylor took another leave of absence from

April 2005 until June 2005 for reasons that do not appear in the record, and then again from August 2005 until August 2006 for heart and shoulder surgeries.  Finally, Taylor underwent in-patient treatment for alcoholism at a facility in Little Rock in August 2005.

Taylor returned to Denver in August 2006, when he also renewed his transfer request based on the poor health of members of his family.  Local management in North Little Rock denied his request, stating concerns regarding his poor safety and attendance records at the Jenks Shop.  The Union Pacific ombudsman supported the local management's decision and suggested that Taylor consider an intracraft transfer, while expressing understanding of the health concerns in Taylor's family.

On November 4, 2006, Taylor filed an EEOC charge.  The EEOC issued a right-to-sue notice on February 28, 2007.  Taylor commenced this action on May 16, 2007.

### III.

Union Pacific argues that summary judgment should be granted for four reasons: first, Taylor's claims are barred by the statute of limitations; second, Taylor is not "disabled" under the ADA; third, Taylor was not denied a reasonable accommodation; and fourth, Union Pacific's actions do not rise to the level of disparate treatment.  Because Taylor has failed to create a genuine issue of material fact regarding whether he is disabled under the ADA, was denied a reasonable accommodation, and was the object of disparate treatment, summary judgment will be granted.

To recover on a Title VII claim of employment discrimination, a plaintiff must first establish a prima facie case. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973).  To establish a prima facie case of disability discrimination, a plaintiff "must show 1) he has a disability within the meaning of the ADA, 2) he is qualified to perform the

essential functions of his job, with or without reasonable accommodation, and 3) he suffered an adverse employment action because of his disability." *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003) (citing *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1135 (8th Cir. 1999) (en banc)). "Summary judgment is proper if a plaintiff fails to establish any element of his prima facie case." *Epps v. City of Pine Lawn*, 353 F.3d 588, 592 (8th Cir. 2003) (citing *Nesser v. Trans World Airlines, Inc.*, 160 F.3d 442, 445 (8th Cir. 1998)).

Under the ADA, "disability" is defined in two parts: the plaintiff must have (1) "a physical or mental impairment" that (2) "substantially limits one or more of the major life activities" of the plaintiff.[1] 42 U.S.C. § 12102(2)(A) (2000). The Supreme Court has stated that these terms "need to be interpreted strictly to create a demanding standard for qualifying as disabled . . . ." *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 197, 122 S. Ct. 681, 691, 151 L. Ed. 2d 615 (2002). The burden of establishing a prima facie case and proving a disability rests with the plaintiff. *See Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1034 (8th Cir. 2005). To establish a prima facie case, Taylor must present evidence that his alcoholism substantially limits one or more major life activities. *See Wallin v. Minn. Dept. of Corr.*, 153 F.3d 681, 686 n.4 (8th Cir. 1998) (citing *Burch v. Coca-Cola Co.*, 119 F.3d 305, 314-18 (5th Cir. 1997)). Taylor testified in his deposition that the only limitations caused by his alcoholism were his inability to associate with certain people or play certain sports. Taylor has presented no evidence that his alcoholism limits his ability to work or engage in any other major life activity as defined by the ADA.

---

[1] While a person can also meet the definition of "disability" under the ADA if he has a record of disability or is regarded by his employer as disabled, 42 U.S.C. § 12102(2)(B)-(C), neither of these alternative meanings are at issue in this case.

Even if Taylor's alcoholism were a disability, Taylor has failed to present evidence that Union Pacific improperly denied him a reasonable accommodation. In order to receive an accommodation, an employee must provide the employer with relevant details of the disability and the reasons for the requested accommodation. *EEOC v. Convergys Customer Mgmt. Group, Inc.*, 491 F.3d 790, 795 (8th Cir. 2007) (citing *Miller v. Nat'l Cas. Co.*, 61 F.3d 627, 630 (8th Cir. 1995)). Taylor has presented no evidence that he informed Union Pacific of his alleged disability or that he requested an accommodation because of his alcoholism. Rather, Taylor requested a transfer to be near members of his family. There is no evidence that the persons who made the decision to deny his request for transfer knew that he was an alcoholic, much less that he wanted the transfer as an accommodation for alcoholism. Therefore, Taylor has not demonstrated that a genuine issue of material fact exists regarding whether Union Pacific wrongfully denied him a reasonable accommodation.

Assuming Taylor established a prima facie case of disability discrimination, he has also failed to demonstrate that a genuine issue of material fact exists regarding whether Union Pacific's actions constituted disparate treatment. After a prima facie case has been proven, the employer has the burden of showing a legitimate, nondiscriminatory reason for the alleged adverse employment action. *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1034 (8th Cir. 2005). If the employer offers such a reason, then the employee has the burden of showing that the reason was a mere pretext. *Id.* Taylor's initial request was denied because there were no vacancies in North Little Rock for the requested position. Taylor's second request was denied because of concerns with Taylor's past safety record. Taylor has offered no evidence that Union Pacific's concerns regarding his safety and work record were a mere pretext. Taylor even says in his complaint that his "work record was not

5

the best." Taylor has failed to present evidence that Union Pacific's stated reasons for denying his request to transfer were pretextual, and, therefore, he has failed to present evidence that he was subjected to disparate treatment.

Taylor has not responded to Union Pacific's motion for summary judgment with specific facts or evidence. Union Pacific has demonstrated that no genuine issue of material fact exists regarding whether Taylor is disabled under the ADA, was denied a reasonable accommodation, or was the object of disparate treatment. Therefore, the Court need not address the issue of whether Taylor's claims are barred by the statute of limitations. Union Pacific's motion for summary judgment is granted.

## CONCLUSION

The Court is sympathetic to Taylor's desire to transfer to Arkansas to be with his family, but it is the duty of the Court to follow the law, and Taylor cannot show that Union Pacific has violated the law. Union Pacific's motion for summary judgment is GRANTED. Document #29.

IT IS SO ORDERED this 27th day of August, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE